IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES AMAR WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-CV-761-MHT |
| | ) |
| MARK JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

James Amar Woods ("Woods"), a pre-trial detainee, initiated this 42 U.S.C. § 1983 action on September 15, 2016. In the instant complaint, Woods seeks relief from a criminal charge of first degree domestic violence pending against him before the Circuit Court of Houston County, Alabama. Specifically, Woods complains that Mark Johnson, the District Attorney for Houston County, previously represented him in a criminal case and argues that prosecution of the pending domestic violence charge by Johnson or the Houston County District Attorney's Office is therefore violative of his constitutional rights. Woods seeks injunctive relief enjoining Johnson and all of his agents or employees from prosecuting the pending domestic violence case and likewise requests issuance of a declaratory judgment holding that prosecution of the plaintiff on this charge will constitute a violation his constitutional rights. *Doc. No. 1* at 3. Woods also requests taxation of costs against the defendant and any other relief to which he is entitled. *Id*.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii)[1] and the *Younger*[2] abstention doctrine.

## II.  DISCUSSION

### A.  District Attorney Mark Johnson

Woods names District Attorney Mark Johnson as the sole defendant in this cause of action.  The claims presented by Woods arise from the fact that Johnson "once was defense counsel for the plaintiff" and Woods' belief that the initiation and prosecution of his current domestic violence charge by Johnson and/or his office is violative of the Constitution.  *Doc. No. 1* at 2.

The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with the initiation or prosecution of a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity

---

[1] The court granted Woods leave to proceed *in forma pauperis* on September 23, 2016 (Doc. No. 5).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).
[2] *Younger v. Harris*, 401 U.S. 37 (1971).

from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes "initiating a prosecution and . . . presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431).

The claims made by Woods relate solely to actions undertaken by District Attorney Johnson while he engaged in activities intimately associated with the judicial phase of the criminal process, i.e., initiating the prosecution of a criminal charge and representing the State before the court in pre-trial matters, conduct for which Johnson is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Woods' claims against District Attorney Johnson are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B.  Pending Criminal Charge

Woods seeks declaratory and injunctive relief which would impact his pending prosecution on a state criminal charge for first degree domestic violence. Specifically, Woods requests that this court intervene and enjoin the State from prosecuting him on this charge. With respect to Woods' request for declaratory and injunctive relief, relief which

3

would require intervention by this court into criminal proceedings ongoing before the Circuit Court of Houston County, Alabama, well-established federal law requires that this court refrain from issuing this relief.

In *Younger*, the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush,* 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an

adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear from the pleadings filed by the plaintiff that each of the requisite elements for *Younger* abstention are present in this case. First, according to the complaint, Woods is awaiting trial before the Circuit Court of Houston County, Alabama on the challenged criminal charge. Secondly, enforcement of criminal law is an important state interest. Finally, Woods may raise his challenge(s) to prosecution in the pending state court proceedings by filing appropriate motions with the trial court. In addition, if Woods is convicted of the charge pending against him, he may present his claim regarding the District Attorney's alleged conflict of interest on direct appeal before the state appellate courts. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), none of these exceptions are implicated under the facts of this case.

Initially, the court finds that the mere fact Woods must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Next,

the complaint fails to contain any indication of bad faith or harassment that would justify interference by this court in the state criminal proceedings as the charge Woods faces is based on an indictment issued by a grand jury. Moreover, the state law under which Woods has been charged does not violate the Constitution nor can the court countenance the existence of any extraordinary circumstance entitling him to intervention by this court in the pending state court proceedings.

In light of the foregoing, this court is compelled to abstain from considering the merits of the instant complaint. *Younger*, 401 U.S. at 43-44. Consequently, to the extent Woods requests declaratory and injunctive relief requiring this court's interference with pending state criminal proceedings, equity, comity and federalism concerns require the court to abstain from such action.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Mark Johnson be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's requests for declaratory and injunctive relief, which necessarily entail intervention by this court into pending state criminal proceedings, be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine so that the plaintiff may pursue his claims in the state courts.

3. The plaintiff's motion for preliminary injunction (Doc. No. 1 at 3) be DENIED as he has failed to show a substantial likelihood of success on the merits.

4.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before October 20, 2016 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of October, 2016.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE